**PLANTNER et, Plaintiffs-Appellees, v. HOKE et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23185. Decided November 10, 1954.

Siegel & Siegel, Cleveland, for plaintiffs-appellees.
Robert Merkle, Cleveland, for defendants-appellants.

## OPINION

PER CURIAM:

Judgment affirmed for the reason that substantial justice has been done.

This action sounds in fraud, seeking $1,000.00 damages against the defendant, a real estate broker, for inducing the plaintiff to deposit $1,000.00 with the defendant as the agent of one Hoke as a down payment for the purchase of Hoke's residence by the plaintiff. The following facts are undisputed.

The defendant was employed by Hoke to sell or find a purchaser for his home on Cleveland Heights Boulevard. The defendant interested the plaintiff in the purchase of said property and induced them to enter into a purchase agreement with the Hokes to buy such property and to deposit with the defendant $1,000.00 under the purchase agreement which defenant prepared and which in part provided in paragraph 2:

"A. Earnest money in hand to apply on the purchase price the receipt of which is hereby acknowledged by E. G. Wilkinson, agent, to be held by him or deposited with the escrow agent until the transaction is completed * * * * * * * $1,000.00."

Paragraph 11 in part provides:

"* * * * if within said time (65 days) the purchaser defaults in the performance of any of the obligations imposed by the terms hereof, owner may at his option treat the contract as null and void and the earnest money is forfeited as liquidated damages. * * *."

It is clear from the record that the transaction was never completed, nor was there an escrow agent appointed with whom the defendant was authorized to deposit the down payment under the terms of the agreement.

It is the claim of the plaintiff that the offer, which was in writing, having been drafted by the defendant and by him delivered to the owner, Hoke, was conditioned upon the defendant selling the plaintiff's residence on Throckley Avenue. The defendant denies that he accepted the offer on behalf of his principal under such "condition." This question was submitted to the jury under proper instructions from the court and we are unable to say that the verdict of the jury is contrary to the manifest weight of the evidence.

The record discloses that after the defendant was notified by the plaintiff that it was his claim that unless the defendant sold plaintiff's house the sale between plaintiff and Hoke could not be consummated and the defendant was to return the down payment, the defendant on October 26, 1951, sent Hoke $600.00 of the money and kept $400.00 of it for himself. Certainly this defendant had no right to look to the plaintiff for any part of his commission for the alleged sale of his principal's property. If he had earned a commission, the obligation was that of Hoke and not this plaintiff. There was no contractual relations between plaintiff and defendant and unless, under the terms of the contract which defendant procured for his principal from the plaintff he was authorized to deliver the down payment to Hoke, then all of the money should have been paid over.

But under paragraph 2 of the contract no such power was vested in the defendant.

The Hokes have made no claim by cross-petition against the plaintiffs, although they were made parties defendant when the case was filed, being dismissed on their motion at the end of plaintiff's case. If in fact the signing of the contract was induced by fraud, the principal could not enforce its provisions against the plaintiff.

The plaintiffs having prevailed in the trial court, by judgment entered upon a jury verdict, on the question of fraud, and damages having been fixed in the amount which defendant admitted receiving and which under the contract was to be held by him or paid to an escrow agent, the judgment must be affirmed. Exc. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.